UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ADVANCED WATER TECHNOLOGIES INC.,        **Civil Action No.:**

                Plaintiff,

   -against-        **COMPLAINT**

AMIAD U.S.A., INC.,

                Defendant.
-----------------------------------------------------------------x

Plaintiff, Advanced Water Technologies Inc. ("AWT"), by its attorney, Ronald Francis, as and for its complaint against the defendant Amiad U.S.A., Inc. ("Amiad"), alleges as follows:

## PARTIES AND VENUE

1. Plaintiff, AWT, is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in the State of New York and the County of New York.

2. Upon information and belief, defendant, Amiad, is a corporation organized and existing under the laws of the State of California, with its principal place of business located in the State of North Carolina and the County of Iredell.

3. The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391 because it is a District in which the plaintiff has its principal place of business and is a District in which a substantial portion of the events giving rise to the claims asserted herein occurred.

6. This is an action to recover losses as a result of defendant's breach of contract with plaintiff.

## FACTS GIVING RISE TO THE CAUSE OF ACTION

7. AWT is in the business of distributing, installing and servicing domestic water filtration systems and products.

8. AWT's customers are contractors, real estate developers, and owners of high-rise buildings in New York City and Nassau and Suffolk counties.

9. Defendant Amiad is a company in the business of manufacturing water filtration products.

10. On March 31, 2005, AWT and Amiad entered into a contract (the "Contract") whereby Amiad assigned the distribution of its screen filtration products exclusively to AWT for wholesale and retail sales within the five boroughs of New York City, as well as Nassau and Suffolk counties. A copy of the Contract is annexed hereto as Exhibit "A" and incorporated herein as if fully stated.

11. The parties agreed that renewal of the Contract would be automatic on an annual basis if AWT purchased an agreed dollar volume from Amiad during the previous year (the "Sales Quota").

12. The automatic renewal of the Contract was also subject to AWT's continued creditworthiness, continuing and responsible efforts to sell Amiad filtration, and responsible maintenance of the equipment it has sold.

13. The Sales Quota for net purchases by AWT of Amiad products for the initial fiscal year, defined as January 1 – December 2005, was agreed to be $55,000.

14. The Contract provides that the annual increase in the Sales Quota "should be a reasonable number and will be jointly agreed between Amiad and AWT."

15. Amiad and AWT never jointly agreed to raise the $55,000 annual Sales Quota.

16. From 2005 through April 2018, AWT purchased products from Amiad for AWT's customers in the agreed upon territory of the five boroughs of New York City and Nassau and Suffolk counties totaling approximately Four Million Dollars ($4,000,000). During that time period, AWT never failed to meet the $55,000 annual Sales Quota.

17. For the fiscal year January 1 - December 31, 2017, AWT's sales totaled approximately $207,000, and thus met the annual Sales Quota in place of $55,000.

18. Accordingly, as of April 13, 2018, AWT had met the required annual Sales Quota and fulfilled all of its obligations and responsibilities under the Contract.

19. Notwithstanding, by letter dated April 13, 2018, Amiad provided notice to AWT that Amiad hereby "<u>immediately terminates</u>" the Contract based upon AWT's alleged breach of the Contract by its failure to pay an overdue balance of $18,085.27.

20. AWT promptly rejected Amiad's purported termination by letter dated May 1, 2018.

21. Additionally, along with AWT's rejection of Amiad's termination of the Contract, AWT remitted payment to Amiad in the amount of $17,399.63, representing what AWT believed to be the outstanding balance owed to Amiad at that time.

22. Amiad refused to cash AWT's check, maintaining that the balance owed to it is $18,085.27 (a mere difference of $685.64), and that it properly terminated the Contract.

23. AWT has attempted to reconcile the outstanding balance with Amiad and continue

working under the Contract, but Amiad has refused to honor the Contract.

## CLAIM FOR RELIEF AGAINST DEFENDANT
### (Breach of Contract)

24. Amiad's termination of the Contract based upon AWT's balance due of approximately $18,000 was unjustified, wrongful and a material breach of the Contract as the Contract did not have any payment terms contained therein and AWT's ongoing payments to Amiad and current balance was consistent with the parties' course of dealing over the past 13 years and within the construction industry.

25. AWT was and is ready, willing and able to fulfill its obligations and responsibilities as required in the Contract including meeting the annual Sales Quota on a yearly basis for the foreseeable future.

26. Amaid's wrongful termination of the Contract prevents AWT from fulfilling its obligations and responsibilities in the Contract and achieving the benefits of the Contract including profits from the sales, installations and servicing of the Amiad water filtration systems from April 13, 2018 and continuing in perpetuity on an annual basis as provided for in the Contract.

27. As a result of Amiad's wrongful termination of the Contract, AWT has suffered damages and continues to suffer damages from April 13, 2018 and continuing in perpetuity as follows:   (a) lost profits on the sales and installations of the Amiad water filtration systems and products, and (b) lost profits on the servicing of the Amiad water filtration systems and products in place for the more than 100 customers in the five boroughs of New York City as well as in Nassau and Suffolk counties.

28. As a result of Amiad's breach of the Contract, AWT has suffered damages and will continue to suffer damages in an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000), plus interest from April 13, 2018.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff hereby demands judgment against defendant in an amount to be determined at trial, but believed to be in excess of One Million Dollars ($1,000,000), plus interest from April 13, 2018, the costs and disbursements of this action, and for such further relief as the Court deems just and proper.

Dated: New York, NY
       June 18, 2018

                                RONALD FRANCIS, ESQ.
                                Attorney for Plaintiff

           By:    *Ronald Francis*
                    Ronald Francis [RF-8939]
                    30 Broad Street, 37th Floor
                    New York, NY 10004
                    (212) 279-6536