January 30, 2020

Noah M. Weissman
212-541-2028
nmweissman@bryancave.com

Ronald Francis
212-279-6536
rf@ronaldfrancislaw.com

**FILED BY ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Advanced Water Technologies, Inc. v. Amiad U.S.A., Inc.*, Case 1:18-cv-05473-VSB

Dear Judge Broderick:

Pursuant to the Court's order dated January 21, 2020, the parties submit this joint letter addressing the Court's requests in advance of the Fed. R. Civ. P. 16 conference scheduled for February 6, 2020 at 10:00 AM.

**1. Description of the action and principal defenses**

This is a breach of contract action in which Advanced Water Technologies, Inc. ("AWT") alleges that Amiad U.S.A. ("Amiad") improperly terminated an exclusive distributor agreement (the "Contract" or "2005 Agreement"), which granted AWT the right to distribute certain Amiad filtration products in New York City and Long Island.  Amiad alleges and asserts counterclaims that it had the right to terminate and did not breach the 2005 Agreement.

**2. Jurisdiction / Venue**

Plaintiff claims that the Court has diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332.  AWT alleges that it is a citizen of New York because it is a corporation with its place of incorporation and business in New York.  Amiad is a citizen of California or North Carolina because it is a corporation with its place of incorporation in California and its principal place of business in North Carolina.  Amiad's breach of contract action against AWT in North Carolina, which was filed prior to the filing of this action, was dismissed by the U.S. District Court for the Middle District of North Carolina for lack of personal jurisdiction over AWT.

In its September 30, 2019 Opinion and Order denying Amiad's motion to dismiss (*see* footnote 3), this Court held that "New York law governs [this case] as jurisdiction in this matter is based

January 30, 2020
Page 2

on diversity of citizenship . . . [and] New York is the 'center of gravity' of this contract – which was intended to be performed in New York by a New York corporation – and the Agreement is therefore governed by New York law."

Amiad asserts as its fourth affirmative defense that the Court lacks subject matter jurisdiction because the amount in controversy does not meet the $75,000 threshold set forth in 28 U.S.C. § 1332.  AWT alleges it has suffered damages in excess of $1,000,000 due to lost profits "from April 13, 2018 and continuing in perpetuity."  Compl. ¶¶ 26, 28.  Amiad denies this allegation (Def. Answer ¶ 23) and alleges that AWT cannot recover future lost profits in perpetuity.

AWT claims venue is proper under 28 U.S.C. § 1391 because the AWT's principle place of business in the Southern District of New York.  Compl. ¶ 5.

### 3. Motions

There are no outstanding motions at this time.  Amiad anticipates bringing a summary judgment motion.

### 4. Discovery

No discovery has occurred.  The parties are currently engaging in settlement negotiations, in which they are discussing an exchange of past, present, and future financial information related to AWT's claims for lost profits and mitigation to evaluate AWT's damage claim.

### 5. Settlement Discussions

The parties held a meet-and-confer on January 27, 2020, to discuss settlement and the Case Management Plan and Scheduling Order's discovery deadlines. The parties are continuing to engage in settlement discussions and contemplating an exchange of financial information to assist.  A second settlement discussion is scheduled for February 4, 2020.

### 6. Estimated length of trial

The parties estimate that a trial will take approximately three to four days.

### 7. Other Information

Amiad believes that the scope of damages, and whether they can be recovered in perpetuity, is an issue that, if clarified, would help advance the case to settlement or trial.  AWT believes that it would be improper for the Court to clarify or decide the issue of damages now, and that damages should be decided either pursuant to a motion or at trial.

January 30, 2020
Page 3

Respectfully submitted,

| | |
|---|---|
| **BRYAN CAVE LEIGHTON PAISNER LLP** | **RONALD FRANCIS, ESQ.** |
| *(signature)* | *(signature)* /BC |
| Noah Weissman | Ronald Francis |
| 1290 Avenue of the Americas | 30 Broad Street, 37th Floor |
| New York, NY 10105 | New York, NY 10004 |
| (212) 541-2000 | (212) 279-6536 |
| NMWeissman@bclplaw.com | rf@ronaldfrancislaw.com |
| *Attorneys for Defendant* | *Attorney for Plaintiff* |

601529384