June 5, 2020

Noah M. Weissman
212-541-2028
nmweissman@bryancave.com

Ronald Francis
212-279-6536
rf@ronaldfrancislaw.com

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

**FILED BY ECF**

Re:   *Advanced Water Technologies, Inc. v. Amiad U.S.A., Inc.,* No. 1:18-cv-05473-LJL

Dear Judge Liman:

    Pursuant to your June 4, 2019 order, the parties renew their letter motion to extend time to complete discovery and supplement their June 3, 2020 joint letter with the following additional information to demonstrate to the Court that the parties have good cause for modifying the scheduling order.

    The following discovery has been conducted thus far:

- Plaintiff and Defendant both timely served initial disclosures on February 20, 2020.
- Defendant served timely document requests and interrogatories on February 27, 2020, and Plaintiff served document requests and interrogatories on February 28, 2020 (the parties agreed to a one-day extension for Plaintiff, as permitted by the scheduling order).
- Plaintiff served timely responses to Defendant's document requests and interrogatories on March 27, 2020, and Defendant timely served written responses to Plaintiff's document requests and interrogatories on March 30, 2020, in compliance with the federal rules.
- Plaintiff has made document productions on March 27, 2020, April 13, 2020, and June 3, 2020.
- Defendant has made document productions on April 3, 2020, April 22, 2020, May 8, 2020, and May 15, 2020, and June 4, 2020.
- Defendant served a party deposition notice for Plaintiff's principal on June 4, 2020.

June 5, 2020
Page 2

Defendant made a motion to amend its answer to add counterclaims and affirmative defenses on March 13, 2020, which was granted on April 29, 2020. Plaintiff then amended its complaint on May 27, 2020, to add four causes of action. The parties have yet to conduct depositions, including party and non-party depositions, and have not yet served requests for admissions.

The parties take the following positions with respect to the remaining discovery needed, the diligence exercised, and the need for an extension.

**Plaintiff**:

Plaintiff's request for an extension of the discovery deadlines is based upon two separate set of circumstances.

Firstly, despite plaintiff's best efforts in getting defendant to timely produce documents responsive to plaintiff's requests, defendant has not complied, making it impossible for plaintiff to take defendant's deposition, or any non-party depositions. Pursuant to plaintiff's requests for the production of documents dated and served on February 28, 2020, defendant's responses were due on March 30, 2020. However, defendant did not produce documents by that date and has been doing so very slowly on a "rolling basis." We believe that a majority of the responsive documents have yet to be produced by defendant. As a result of defendant's failure to comply with the discovery deadline for production, plaintiff requested (Dkt. # 43) that the Court compel defendant to comply. The Court denied plaintiff's letter motion. (Dkt. # 47) Accordingly, despite plaintiff's due diligence, it could not have met the deadlines for depositions as a result of defendant's failure to comply with production deadlines.

Secondly, on April 29, 2020, the Court granted defendant's motion to amend its answer and add a new counterclaim against plaintiff. This new claim was not foreseen as it had not been raised by defendant over the past two years while the parties have been entangled in litigation. Thus, plaintiff's interrogatory and document requests did not take into account or address defendant's surprising new claim. In response to defendant's amended answer, and based on newly discovered evidence obtained from defendant, plaintiff filed its first amended complaint on May 27th. Plaintiff's amended complaint contains four (4) new claims. These new claims were not foreseen so plaintiff's interrogatory and document requests did not take into account or address plaintiff's new claims.

Given the above circumstances, and plaintiff's diligence in conducting discovery (plaintiff timely produced its documents to defendant), the Court's refusal to grant plaintiff's request for an extension of the discovery deadlines would be unfair to and prejudicial plaintiff. It is imperative that plaintiff obtain the remainder of the documents responsive to its demands and be able to depose the individuals with direct knowledge of the facts central to the issues of this case. The time requested by both parties is needed to complete the exchange of documents and conduct depositions. Plaintiff anticipates taking seven (7) depositions: Amiad's current President Michael Poth, Amiad's regional sales manager Eyal Yavin, Amiad's former Presidents Sharon Cohen and Eric Peterson, non-party GA Fleet (the company retained by defendant after wrongfully terminating the contract with plaintiff), non-party Glenwood Management (former customer of plaintiff) and non-party engineer Mark Robbins (both of whom have information concerning the defects in the Amiad products).

June 5, 2020
Page 3

**<u>Defendant</u>**:

  Contrary to Plaintiff's assertion, Defendant has exercised diligence in conducting discovery.  Defendant timely served discovery requests and timely provided written responses to Plaintiff's document demands on March 30, 2020.  Defendant then sought to engage Plaintiff in discussions to agree upon e-discovery protocols and develop search terms, as would be typical in an efficient discovery process.  After Plaintiff refused to do so, Defendant developed its own search protocols, and began collecting, processing, and reviewing large amounts of documents for production.  The Covid-19 crisis, which was unanticipated when the discovery dates were set, has complicated and slowed this effort.  Working remotely with the client, Defendant has still managed to process the large amount of data from Defendant's networks and review it for responsiveness and privilege, although the review team was working from home.  As promised, Defendant made rolling productions shortly after providing timely written responses, with the bulk of the production on April 3, 2020, April 22, 2020, and May 8, 2020, as well as some remaining documents on May 15, 2020, and June 4, 2020.  Defendant believes it has now produced all responsive documents, subject to its objections and clarifications in its written responses, letters, and during meet and confers.

  By contrast, Defendant has not received all the documents it is entitled to receive from Plaintiff.  As the Court is aware, Defendant was allowed to amend its counterclaims to advance new claims not foreseen when Defendant first pled.  Still, Plaintiff has refused to produce documents relevant to these claims.  These documents include communications regarding Plaintiff's development of a competitive product and its plans to replace Defendant's product with this product, in violation of its obligation to use best efforts to sell Defendant's product.  Defendant also could not foresee that Plaintiff would refuse to produce these documents directly relevant to its counterclaims even after it was permitted to amend, which has delayed the progress of discovery and unfairly prejudiced Defendant.

  There also remain issues with the sufficiency of Plaintiff's search for electronic documents and its refusal to produce documents from people who worked for the company and had company email addresses.  This may necessitate the service of subpoenas on non-parties, which was not foreseen, as the Defendant had no way of knowing that these individuals worked for Plaintiff.  The parties' counsel have held two meet and confers—on April 8, 2020 and April 30, 2020—in an attempt to resolve these issues and for Defendant to receive the documents it needs to fairly litigate the case, identify deponents, and conduct depositions.  If the issues are not resolved shortly, Defendant will be forced to seek court intervention.  Furthermore, Plaintiff has just amended its complaint to serve new claims and states it needs to seek more discovery.  Until those new claims can be evaluated, Defendant does not know whether this too will necessitate more discovery.  Finally, conducting depositions during the Covid crisis and collection of non-party discovery will necessitate more time than usually required.

  Allowing the parties to have additional time, will facilitate the just, speedy and most efficient determination of this matter by allowing the parties to clarify the factual issues, permit efficient depositions based on full document production, permit service of requests to admit to narrow issues based on a full production of documents and depositions, and hopefully permit summary judgment based on a fully developed factual record.

602097425

June 5, 2020
Page 4

    Defendant respectfully requests that the Court grant the parties' request to extend the discovery deadlines in the scheduling order.

Respectfully submitted,

| **BRYAN CAVE LEIGHTON PAISNER LLP** | **RONALD FRANCIS, ESQ.** |
|---|---|
| _/s/ Noah Weissman_ | _/s/ Ronald Francis_ |
| Noah Weissman | Ronald Francis |
| 1290 Avenue of the Americas | 30 Broad Street, 37th Floor |
| New York, NY 10105 | New York, NY 10004 |
| (212) 541-2000 | (212) 279-6536 |
| NMWeissman@bclplaw.com | rf@ronaldfrancislaw.com |
| *Attorneys for Defendant* | *Attorney for Plaintiff* |

602097425