UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADVANCED WATER TECHNOLOGIES, INC.,

                     Plaintiffs,

      -v-

AMIAD U.S.A., INC.,

                     Defendant.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/2020

18-cv-5473 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

    Defendant Amiad U.S.A., Inc. ("Defendant" or "Amiad") moves to compel responses to the following of its discovery requests: Nos. 15–16 and Nos. 19–25. (Dkt. No. 63.)[1] Plaintiff Advanced Water Technologies, Inc. ("Plaintiff" or "AWT") opposes the motion on relevance grounds. (Dkt. No. 67.) Plaintiff also suggests that the burden of the proposed discovery outweighs its benefits in light of the risk that the requested information will be improperly used by Defendant for competitive advantage. (*Id.*) Defendant counters that the requested information is necessary for it to prove its counterclaim that Plaintiff breached the contract at issue in this litigation and the implied best-efforts obligation therein. (Dkt. No. 63.) Plaintiff notes that it and Defendant continue to compete in the water filtration business to this day. (Trans. of 6.15.2020 Conference at 23–24.)

    Federal Rule of Civil Procedure 26(b)(1) addresses the scope of permissible discovery. It provides in relevant part as follows:

    Unless otherwise limited by court order, the scope of discovery is as follows:
    Parties may obtain discovery regarding any nonprivileged matter that is relevant

---

[1] The Court resolved all issues presented in Defendant's application but not addressed in this opinion during the hearing on June 15, 2020.

>to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable[.]

Federal Rule of Civil Procedure 26(c)(1) permits the court to issue a protective order limiting discovery to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense," including by requiring that confidential commercial information "not be revealed or be revealed only in a specified way."

On June 15, 2020, the Court heard oral argument on Defendant's motion. During the argument, Defendant's counsel explained:

>[W]hat we're really focused on here . . . is [sic] the communications between AWT and Omicron customers or prospective customers [of Omicron or Amiad] regarding . . . negative statements or . . . what exactly . . . AWT [was] telling customers about the Omicron products, and what comparisons [AWT was] making to Amiad's product, and how [AWT was] disparaging Amiad's product.

(Trans. of 6.15.2020 Conference at 28.) Defense counsel also made clear that Defendant is seeking documents from the period following the contract's termination, through the present, to the extent those documents discuss "pretermination conduct." (*Id*. at 29.) Those documents clearly are relevant to the counterclaim. Moreover, any risk that the documents could be used improperly is substantially addressed by: (1) limiting the production of post-termination documents to those which bear on pre-termination conduct; and (2) permitting Plaintiff to produce any documents of a highly sensitive commercial nature for review only by Defendant's in-house legal counsel and not its principals.[2]

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to compel (Dkt. No. 63) is GRANTED to the following extent: Plaintiff shall respond to Request Nos. 15–16 and 19,

---

[2] The parties may spell out the details of this production arrangement in a revised protective agreement that permits Plaintiff to designate such highly sensitive documents, subject to court review if there is an objection.

21, 23, and 25 to the extent that those documents were generated prior to the termination of the contract at issue in this case or refer or relate to conduct that occurred prior to that termination date.[3]  Plaintiff is not required to produce documents responsive to Request Nos. 20, 22, and 24, to the extent that those requests relate to purely internal plans either to develop a competitive product or to conduct business with a competitor of Defendant.  However, Plaintiff must produce documents responsive to those requests if they refer or relate to contact (or plans for contact) with customers or potential customers prior to the contract's termination.   Finally, Plaintiff is not required to produce documents that relate purely to conduct or communications that post-date April 13, 2020.

      The Clerk of Court is respectfully directed to terminate Dkt. No. 63.

      SO ORDERED.

Dated: June 18, 2020  
      New York, New York                              _____  
                                                       LEWIS J. LIMAN  
                                                       United States District Judge

---

[3] The "termination date" refers to April 13, 2020—the date that Amiad provided notice to AWT that it was "immediately terminat[ing]" the contract.  (Dkt. No. 57 ¶ 19.)